Battle, J.
 

 An execution which issues on a dormant judgment, is not void, but only voidable;
 
 Oxley
 
 v.
 
 Mizle,
 
 3 Murph. Rep. 250;
 
 Brown
 
 v.
 
 Long,
 
 1 Ired. Eq. 190. When the defendant in the present case was arrested on the execution which had been issued on the justice’s judgment more than a year and a
 
 *581
 
 day after it bad been rendered, and bad given a bond witb tbe view of taking tbe benefit of tbe act for tbe relief of insolvent debtors, be might bave been relieved from arrest upon a writ of
 
 habeas
 
 corpus; or, perhaps, upon placing himself again in actual custody, be might bave moved tbe county court to quash tbe proceedings, and discharge him. Dobbin v. Gaster, 4 Ired. Rep.
 
 71.
 
 But while be remained at liberty, by virtue of the bond which be bad given for bis appearance at tbe county court, be could not be beard to make objections to tbe regularity of tbe execution under which be bad been taken. That execution, together witb tbe bond, was in the nature of process to compel an appearance to answer at tbe next term of the county Court;
 
 Winslow
 
 v.
 
 Anderson,
 
 4 Dev. and Bat. Rep. 9;
 
 Cohoon
 
 v. Morris, 1 Jones’ Rep. 218, If tbe defendant bad taken tbe proper steps to avail himself of tbe benefit of the insolvent act, tbe plaintiff could not bave objected that tbe execution under which be was arrested, was irregular, and be ought not to be allowed to-make tbe objection while be was availing himself of tbe liberty which his giving bond bad afforded him. His Honor, in tbe Court below, was, therefore, right in overruling tbe, defendant’s objection, and ordering him to be imprisoned until be should comply witb the requisitions of tbe act, of tbe benefits of wbieb be was seeking to avail himself.
 

 Pee CueiaM, Judgment affirmed.